## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

*FILED*
*SCRANTON*
*MAR 0 4 2011*
PER _____
DEPUTY CLERK

WILFREDO FLOREZ-MONTANO,   :
        Petitioner     :
                         :    CIVIL NO. 3:10-cv-2404
      v.            :
                         :    (Judge Nealon)
WILLIAM A. SCISM, WARDEN,   :
LSCI ALLENWOOD,            :    (Magistrate Judge Smyser)
        Respondent    :

## MEMORANDUM AND ORDER

On November 19, 2010, Petitioner, Wilfredo Florez-Montano, an inmate currently

confined in the State Correctional Institute at Allenwood in White Deer, Pennsylvania, filed a

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner is

challenging a sentence he received in United States District Court for the Middle District of

Florida. Id. On December 15, 2010, Magistrate Judge J. Andrew Smyser filed a Report and

Recommendation ("R&R") concluding that Petitioner may not challenge his sentence under

section 2241 and recommending that the habeas petition be dismissed. (Doc. 7). Petitioner filed

objections on December 30, 2010. (Docs. 8, 9). For the reasons set forth below, the Report and

Recommendation will be adopted and the petition for writ of habeas corpus will be dismissed.


### Standard of Review

When objections to a Report and Recommendation have been filed under 28 U.S.C. §

636(b)(1)(C), the Court must make a de novo review of those portions of the report to which

objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). A de novo

1

determination is not required if the objections are not specific. Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process."); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.) (overruling objections that merely restated the arguments petitioner previously presented to the magistrate court and concluding that the magistrate judge properly considered the claims). The Court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. Further, the Court may, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations. Goney, 749 F.2d at 7.

## Discussion

Petitioner was convicted of drug charges on October 1, 2002 in the United States District Court for the Middle District of Florida and was sentenced to 292 months imprisonment and 60 months supervised release on February 14, 2003. The Eleventh Circuit Court of Appeals affirmed Petitioner's sentence on April 12, 2004. On September 10, 2009, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the United States District Court for the Middle District of Florida. On October 27, 2009, the court denied his motion as time-barred. Petitioner filed the present motion pursuant to 28 U.S.C. § 2241 on November 19, 2010 in the United States District Court for the Middle District of Pennsylvania challenging his sentence from the Middle District of Florida. (Doc. 1). Petitioner alleges that the judge determined the identity of the controlled substance by a preponderance of the evidence, rather than the jury

2

determining the identity of the controlled substance beyond a reasonable doubt. (Doc. 1).

Petitioner argues that 28 U.S.C. § 2255 is "'inadequate or ineffective' to test the legality of his

detention" because there was a change to 46 U.S.C. §§ 1903(a), (g) and (j) that was not available

to him when he filed his original § 2255 motion and, pursuant to this change, his conviction is

null and void. (Doc. 1; Doc. 2, pg. 4).

The Report and Recommendation explained 28 U.S.C. section 2255 is the presumptive

means by which federal prisoners can challenge their convictions or sentences. (Doc. 7, pg. 3);

see also Davis v. United States, 417 U.S. 333, 343, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974);

O'Kereke v. United States, 307 F.3d 117, 122-23 (3d Cir. 2002). The Magistrate Judge

determined that only if Petitioner can show that the remedy under section 2255 would be

"inadequate or ineffective to test the legality of his detention" may he be able to seek relief under

28 U.S.C. § 2241. (Doc. 7, pg. 3) (stating that the "safety-valve language in § 2255 has been

strictly construed"), citing Application of Galante, 437 F.2d 1164, 1165-66 (3d Cir. 1971); see

also Woodruff v. Lappin, 230 Fed. Appx. 220, 222 (3d Cir. 2007); O'Kereke, 307 F.3d at 120

(concluding that the "safety valve" provided under section 2255 is extremely narrow and only

applies in unusual situations); Griffin v. Hogsten, 2007 WL 1140658 (M.D. Pa. 2007) (Caputo,

J.). The Report stated, a "motion under § 2255 is inadequate or ineffective only where it is

established 'that some limitation of scope or procedure would prevent a Section 2255 proceeding

from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'"

(Doc. 7, pg. 4) (citing Galante, 437 F.2d at 1165). Further, "'[s]ection 2255 is not inadequate or

ineffective merely because the sentencing court does not grant relief, the one-year statute of

limitations has expired, or the petitioner is unable to meet the stringent gatekeeping

3

requirements'" for filing a successive motion. (Doc. 7, pgs. 4-5) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002)).

The Report then summarized the Third Circuit Court of Appeals' decision in In re Dorsainvil, 119 F.3d 245. (Doc. 7, pgs. 5-8). Therein, the petitioner was convicted of 18 U.S.C. § 924 for the "use of a deadly ... weapon" during drug trafficking offenses. In re Dorsainvil, 119 F.3d 245. Following the conviction, the United States Supreme Court in Bailey held that pursuant to 18 U.S.C. § 924 the government must prove the defendant actively employed the firearm during the predicate crime. Bailey v. United States, 514 U.S. 1062, 115 S. Ct. 1689, 131 L. Ed. 2d 554 (1995). Although Dorsainvil admitted he was in possession of a firearm, he claimed he did not actively employ it while trafficking drugs and sought to bring a successive section 2255 motion. In re Dorsainvil, 119 F.3d 245. The Third Circuit Court of Appeals held that Dorsainvil could not file a second section 2255 motion, but because the remedy was inadequate, he was eligible for relief pursuant to 28 U.S.C. § 2241. Id. at 251; (Doc. 7, pg. 6). The Court noted that the prisoner was in an "unusual position" of having "no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." (Doc. 7, pg. 6) (citing In re Dorsainvil, 119 F.3d at 251). The Third Circuit Court of Appeals cautioned, "we do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255" because "such a holding would effectively eviscerate Congress's intent in amending § 2255." Id.

The Magistrate Judge reasoned that the petitioners in In re Dorsainvil and similar cases did not have an unobstructed procedural opportunity to raise their claims of actual innocence in a

4

section 2255 motion. (Doc. 7, pgs. 6-7). Here, Petitioner's claim is not that he was convicted of conducted later deemed to be noncriminal by a change in the law. (Doc. 7, pg. 7). Rather, the Magistrate Judge stated that Petitioner's claim is one of legal insufficiency that the jury, rather than the judge, should have determined the identity of the controlled substance at issue. (Doc. 7, pg. 7). The Report also noted that Petitioner was convicted after <u>Apprendi</u> was decided and he therefore could have raised this claim at trial, on direct appeal, and, then, if necessary, in a section 2255 motion. (Doc. 7, pg. 8). The Report recommended that the petition for writ of habeas corpus be dismissed and the case file be closed. (Doc. 7, pg. 8).

In his objections, Petitioner raises the same arguments as set forth in his § 2241 petition. (Docs. 1, 2, 8, 9). He again argues that the Court should consider 46 U.S.C. §§ 1903(a), (g) and (j), as they present an intervening change in substantive law. (Docs. 8, 9). This Court stated in <u>Wills v. United States of America,</u>

> ...a statute may be amended to expand or clarify jurisdiction. <u>See Erlenbaugh v. United States,</u> 409 U.S. 239, 247, 34 L. Ed. 2d 446, 93 S. Ct. 477 (1972) (holding that the legislature may extend federal criminal jurisdiction if clearly expressed in the amended statute); <u>United States v. Bass,</u> 404 U.S. 336, 30 L. Ed. 2d 488, 92 S. Ct. 515 (1971); <u>Rewis v. United States,</u> 401 U.S. 808, 28 L. Ed. 2d 493, 91 S. Ct. 1056 (1971). A legislative body may amend statutory language "to make what was intended all along even more unmistakably clear." <u>NCNB Texas National Bank et. al. v. Cowden,</u> 895 F.2d 1488, 1500 (5th Cir. 1990), citing <u>United States v. Montgomery County, Md.,</u> 761 F.2d 998, 1003 (4th Cir. 1985). It is a common and customary legislative procedure to enact amendments strengthening and clarifying existing laws. <u>Tapert,</u> 625 F.2d at 121; <u>United States v. Diaz,</u> 245 F.3d 294, 303 (3d Cir. 2001) (explaining that if the amendment overrules a prior judicial construction of the statute, it is a substantive change, but if it confirms a prior reading of the statute and does not disturb precedent then it is clarifying and retroactive); <u>Pueblo International, Inc. v. Virgin Islands,</u> 327 F. Supp. 2d 533, 536 (V.I. 2004). Petitioner's argument that the amendment, alone, provides him relief under section 2241 ... is meritless.

<u>Wills,</u> No. 3:07-cv-1351 at Doc. 7, pp. 21-22, <u>appeal dismissed Wills v. United States of</u>

America, No. 08-1933, slip op. (3d Cir. May 30, 2008). Additionally, 46 U.S.C. § 1903 is now cited as 46 U.S.C.A. § 70502, "Maritime Drug Law Enforcement", and applies to acts while on a vessel.

Petitioner also argues that his section 2241 petition should not be dismissed because a section 2255 motion is inadequate due to "a limitation of scope or law of extraordinary circumstances", and that he is actually innocent. (Doc. 9, pgs. 2-3). He argues that he is innocent because the offense was "non-existent." (Doc. 2, pg. 9). However, the court in Dorsainvil noted, "[t]he question before us is not whether Dorsainvil is actually innocent of violating § 924(c)(1), but rather, as in Davis, 417 U.S. at 347, whether his claim that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision is cognizable in a district court." See also Russell v. Pugh, 143 Fed. Appx. 408, 410 (3d Cir. 2005) (determining that a petitioner may not rely on a claim of actual innocence to circumvent the gatekeeping provisions).

Upon review, it is concluded that the Magistrate Judge's determination, that Petitioner cannot raise these claims in a section 2241 habeas petition, was not erroneous.


**Conclusion**

For the reasons set forth above, the Report and Recommendation will be adopted and Petitioner's section 2241 habeas petition will be dismissed.


Date: March 3, 2011

_____
**United States District Judge**

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILFREDO FLOREZ-MONTANO,  :
                  Petitioner  :
                                :    CIVIL NO. 3:10-cv-2404
        v.            :
                                  :    (Judge Nealon)
WILLIAM A. SCISM, WARDEN,  :
LSCI ALLENWOOD,  :    (Magistrate Judge Smyser)
                  Respondent  :

## <u>ORDER</u>

AND NOW, this _3ᵈ_ day of March, 2011, for the reasons set forth in the foregoing

Memorandum, **IT IS HEREBY ORDERED THAT**:

1.    The Report and Recommendation (Doc. 7) is **ADOPTED**.

2.    Petitioner's Objections (Doc. 8) to the Report and Recommendation are **OVERRULED.**

3.    The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED**.

4.    The Clerk of Court is directed to **CLOSE** this case.

5.    Any appeal will be deemed frivolous, lacking merit, and not taken in good faith.

 

**United States District Judge**